[728 NYS2d 759]

In the Matter of LAWRENCE J. KAMINSKY (Admitted as LAWRENCE JAY KAMINSKY), an Attorney, Resignor.

Second Department, July 30, 2001

**APPEARANCES OF COUNSEL**

*Edwin J. Mulhern,* Carle Place, for resignor.

*Grace D. Moran,* Syosset (*Nancy A. Bolger* of counsel), for Grievance Committee for the Tenth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Lawrence J. Kaminsky has submitted an affidavit, dated March 1, 2001, wherein he tenders his resignation as an attorney and counselor-at-law (*see*, 22 NYCRR 691.9). Mr. Kaminsky was admitted to the Bar by the Appellate Division

of the Supreme Court in the Second Judicial Department on January 25, 1978, under the name Lawrence Jay Kaminsky.

Mr. Kaminsky acknowledges that evidence of his professional misconduct has been adduced by the Grievance Committee, which would recommend the institution of a disciplinary proceeding against him. During his employment at the law office of Jay H. Tanenbaum from about January 1986 through February 2000, Mr. Kaminsky had signatory authority over the firm's disbursement account. From about September 1992 through February 2000, he engaged in a pattern of writing unauthorized checks to himself from the disbursement account and entering them as disbursements to various entities in the firm's check ledgers. Mr. Kaminsky would then remove the cancelled unauthorized checks from the monthly banking documents sent to the firm. Between September 1992 and February 2000, Mr. Kaminsky admittedly took approximately $278,000 from the disbursement account. He has since repaid that amount to the firm.

Mr. Kaminsky admits that he did not have signatory authority over a special account maintained by the firm. On or about February 4, 2000, he took a check from that account, made it payable to himself in the sum of $7,500, and affixed Jay H. Tanenbaum's signature without his knowledge or consent. Mr. Kaminsky attempted to deposit that check into his personal account, but the transaction was stopped by a clearing branch of Citibank which questioned the signature and contacted Mr. Tanenbaum.

Mr. Kaminsky avers that his resignation is freely and voluntarily tendered and that he has not been subjected to coercion or duress. He has discussed his decision to resign with his attorney and with others whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including being barred by the Judiciary Law and the rules of the Court from seeking reinstatement for at least seven years.

Mr. Kaminsky acknowledges that he could not successfully defend himself on the merits against any charges brought against him by the Grievance Committee based upon these facts and circumstances. He submits his resignation subject to any application wherein the Grievance Committee may seek an order directing him to make monetary restitution to any person whose money or property was misappropriated or misapplied, or that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowl-

edges the continuing jurisdiction of the Court to issue such an order, and he waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the resignation.

As the proffered resignation complies with the appropriate Court rules, it is accepted, Mr. Kaminsky is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, P. J., O'BRIEN, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Lawrence J. Kaminsky is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lawrence J. Kaminsky is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Lawrence J. Kaminsky shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lawrence J. Kaminsky is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.